# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| AVADO BRANDS, INC., *et al.*,[1] | Case No. 07-11276 (MFW) |
| Debtors. | (Jointly Administered) |

## NOTICE OF FIRST-DAY ORDERS

**PLEASE TAKE NOTICE** that on September 6, 2007 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the following first-day orders (the "Orders"):

- Order Granting Motion For Joint Administration Of Avado Brands, Inc. 07-11276; Don Pablo's Holding Corp., 07-11277; Don Pablo's Limited, Inc., 07-11278; Don Pablo's of Texas, LP, 07-11279; Don Pablo's Operating Corp., 07-11280; Hops Alexandria, Inc., 07-11281; Hops Grill and Bar, Inc., 07-11282; Hops NEF, Inc., 07-11283; The Hops Northeast Florida Joint Venture No.III, 07-11284; Hops Baltimore County, LLC, 07-11285; Hops of Virginia, Ltd., 07-11286. The Docket In Case 07-11276 Should Be Consulted For All Matters Affecting This Case [Docket No. 43] (*attached hereto as Exhibit 1*)

- Order Authorizing Debtors To (I) File (A) Consolidated List Of Creditors And (B) Consolidated List of Debtors' Top Thirty (30) Unsecured Creditors; And (II) Provide Notices, Including Notices Commencement of Cases And Section 341 Meeting [Docket No. 44] (*attached hereto as Exhibit 2*)

- Order Approving The Retention of Kurtzman Carson Consultants, LLC As Noticing, Claims And Balloting Agent [Docket No. 48] (*attached hereto as Exhibit 3*)

- Order (I) Authorizing Debtors To Pay (A) Certain Prepetition Employee Obligations And (B) Prepetition Withholding Obligations, And (II) Directing

---

[1]   The Debtors are the following entities: Avado Brands, Inc., a Delaware corporation (EIN XX-XXX9188); Don Pablo's Holding Corp., a Delaware corporation (EIN XX-XXX6293); Don Pablo's Limited, Inc., an Ohio corporation (EIN XX-XXX6732); Don Pablo's of Texas, LP, a Texas limited partnership (EIN XX-XXX6160); Don Pablo's Operating Corp., an Ohio corporation (EIN XX-XXX4685); Hops Alexandria, Inc., a Florida corporation (EIN XX-XXX2652); Hops Grill and Bar, Inc., a Florida corporation (EIN XX-XXX9671); Hops NEF, Inc., a Florida corporation (EIN XX-XXX9670); The Hops Northeast Florida Joint Venture No. III, a Florida general partnership (EIN XX-XXX1956); Hops Baltimore County, LLC, a Florida limited liability company (EIN XX-XXX8578); Hops of Virginia, Ltd., a Florida limited partnership (EIN XX-XXX5077).
Debtors' Address:  150 Hancock Street, Madison, Georgia 30650

Banks To Honor Related Prepetition Transfers [Docket No. 49] (*attached hereto as Exhibit 4*)

- Order Authorizing Debtors To (I) Maintain Certain Customer Service Policies, Programs And Practices And (II) Pay Certain Fees Associated With Credit Card Transactions And Gift Card Programs [Docket No. 50] (*attached hereto as Exhibit 5*)

- Order Authorizing (A) The Payment of Prepetition Liquor Claims of Certain Liquor Vendors, and (B) The Payment of Liquor Licensing Fees and Taxes [Docket No. 52] (*attached hereto as Exhibit 6*)

PLEASE TAKE FURTHER NOTICE that those parties wishing to the view the motions with respect to the Orders may access the Debtors' case-specific website at www.kccllc.net/avado, or contact the offices of Greenberg Traurig, LLP at 302-661-7000, attention Elizabeth C. Thomas, to request copies of the motion(s).

DATED:  September 7, 2007

KLEE, TUCHIN, BOGDANOFF & STERN, LLP
Michael L. Tuchin (CA Bar No. 150375)
David A. Fidler (CA Bar No. 195648)
Stacia A. Neeley (CA Bar No. 233157)
1999 Avenue of the Stars, 39th Floor
Los Angeles, CA  90067
Telephone:  (310) 407-4000
Facsimile:  (310) 407-9090
Email: mtuchin@ktbslaw.com
       dfidler@ktbslaw.com
       sneeley@ktbslaw.com

—and—

GREENBERG TRAURIG, LLP

Donald J. Detweiler (DE Bar No. 3087)
Sandra G. M. Selzer (DE Bar No. 4283)
The Nemours Building
1007 North Orange Street, Suite 1200
Wilmington, DE  19801
Telephone:  (302) 661-7000
Facsimile:  (302) 661-7360
Email: detweilerd@gtlaw.com
       selzers@gtlaw.com

Proposed Counsel for Debtors and Debtors In Possession

2

# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AVADO BRANDS, INC., a Delaware corporation,<br><br>    Debtor, | Chapter 11<br><br>Case No. 07-11276 (MFW) |
| In re<br><br>DON PABLO'S LIMITED, INC., an Ohio corporation,<br><br>    Debtor, | Chapter 11<br><br>Case No. 07-11277 (MFW) |
| In re<br><br>DON PABLO'S HOLDING CORP., a Delaware corporation,<br><br>    Debtor, | Chapter 11<br><br>Case No. 07-11278 (MFW) |
| In re<br><br>DON PABLO'S OF TEXAS, LP, a Texas limited partnership,<br><br>    Debtor, | Chapter 11<br><br>Case No. 07-11279 (MFW) |
| In re<br><br>DON PABLO'S OPERATING CORP., an Ohio corporation,<br><br>    Debtor, | Chapter 11<br><br>Case No. 07-11280 (MFW) |
| In re<br><br>HOPS ALEXANDRIA, INC., a Florida corporation,<br><br>    Debtor, | Chapter 11<br><br>Case No. 07-11281 (MFW) |

43

| | |
|---|---|
| In re<br><br>HOPS GRILL AND BAR, INC., a Florida corporation,<br><br>          Debtor, | Chapter 11<br><br>Case No. 07-11282 (MFW) |
| In re<br><br>HOPS NEF, INC., a Florida corporation,<br><br>          Debtor, | Chapter 11<br><br>Case No. 07-11283 (MFW) |
| In re<br><br>THE HOPS NORTHEAST FLORIDA JOINT VENTURE NO. III, a Florida general partnership,<br><br>          Debtor, | Chapter 11<br><br>Case No. 07-11284 (MFW) |
| In re<br><br>HOPS OF BALTIMORE COUNTY, LLC, a Florida limited liability company,<br><br>          Debtor, | Chapter 11<br><br>Case No. 07-11285 (MFW) |
| In re<br><br>HOPS OF VIRGINIA, LTD., a Florida limited partnership,<br><br>          Debtor. | Chapter 11<br><br>Case No. 07-11286 (MFW)<br><br>Related to D.I. No. 4 |

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of Avado Brands, Inc. and its chapter 11 affiliates, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of an order directing the joint administration of the Debtors' chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedures and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court

---

[1] Capitalized terms not otherwise defined herein shall be given the meanings ascribed to the in the Motion.

for the District of Delaware; and upon the Barbrick Affidavit; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon the arguments of counsel; and after due deliberation and sufficient cause appearing therefore:

**IT HEREBY IS ORDERED THAT:**

1.    The Motion is GRANTED.

2.    The Debtors' chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by this Court under a single case number and caption.

3.    Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors' cases, and this Order shall be without prejudice to the rights of the Debtors to seek entry of an order substantively consolidating their respective estates.

4.    The caption of the jointly administered cases shall read as follows:

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| AVADO BRANDS, INC., et al.,[1] | Case No. 07-11276 (MFW) |
| Debtors. | (Jointly Administered) |

---

[1]    The Debtors are the following entities: Avado Brands, Inc., a Delaware corporation (EIN XX-XXX9188); Don Pablo's Holding Corp., a Delaware corporation (EIN XX-XXX6293); Don Pablo's Limited, Inc., an Ohio corporation (EIN XX-XXX6732); Don Pablo's of Texas, LP, a Texas limited partnership (EIN XX-XXX6160); Don Pablo's Operating Corp., an Ohio corporation (EIN XX-XXX4685); Hops Alexandria, Inc., a Florida corporation (EIN XX-XXX9671); Hops Grill and Bar, Inc., a Florida corporation (EIN XX-XXX2652); Hops NEF, Inc., a Florida corporation (EIN XX-XXX9670); The Hops Northeast Florida Joint Venture No. III, a Florida general partnership (EIN XX-XXX1956); Hops of Baltimore County, LLC, a Florida limited liability company (EIN XX-XXX8578); Hops of Virginia, Ltd., a Florida limited partnership (EIN XX-XXX5077).

5.    A docket entry shall be made in each of the Debtors' cases, substantially as follows:

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below. The docket in case no. 07-11276 should be consulted for all matters affecting this case. The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:

The Debtors are the following entities: Avado Brands, Inc., Case No. 07-11276; Don Pablo's Holding Corp., Case No. 07-11277; Don Pablo's Limited, Inc., Case No. 07-11278; Don Pablo's of Texas, LP, Case No. 07-11279; Don Pablo's Operating Corp., Case No. 07-11280; Hops Alexandria, Inc., Case No. 07-11281; Hops Grill and Bar, Inc., Case No. 07-11282; Hops NEF, Inc., Case No. 07-11283; The Hops Northeast Florida Joint Venture No. III, Case No. 07-11284; Hops of Baltimore County, LLC, Case No. 07-11285; Hops of Virginia, Ltd., Case No. 07-11286.

6.    A combined service list be shall be used for the jointly administered cases, and combined notices shall be sent to creditors and other parties in interest.

7.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated:  _____Sept. 6_____, 2007

_____
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT

# EXHIBIT 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| AVADO BRANDS, INC., et al.,[1] | Case No. 07-11276 (MFW) |
| Debtors. | (Joint Administration Requested) |
| | Related to D.I. No. 5 |

## ORDER AUTHORIZING DEBTORS TO (I) FILE (A) CONSOLIDATED LIST OF CREDITORS AND (B) CONSOLIDATED LIST OF DEBTORS' TOP THIRTY (30) UNSECURED CREDITORS; AND (II) PROVIDE NOTICES, INCLUDING NOTICES OF COMMENCEMENT OF CASES AND SECTION 341 MEETING

Upon the *Motion for an Order Authorizing Debtors to (I) File (A) Consolidated List of Creditors and (B) Consolidated List of Debtors' Top Thirty (30) Creditors; and (II) Provide Notices, Including Notices of Commencement of Cases and Section 341 Meeting* (the "Motion")[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"), which Motion seeks entry of an order of this Court, pursuant to section 341 of the Bankruptcy Code and section 156(c) of title 28 of the United States Code, authorizing the Debtors to (i) file (a) a consolidated list of creditors and (b) a consolidated list of the Debtors' thirty (30) largest unsecured creditors; and (ii) complete all mailings of notices, including notices of the commencement of these cases and the meeting of creditors pursuant to section 341 of the Bankruptcy Code; and upon the

---

[1] The Debtors are the following entities: Avado Brands, Inc., a Delaware corporation (EIN XX-XXX9188); Don Pablo's Holding Corp., a Delaware corporation (EIN XX-XXX6293); Don Pablo's Limited, Inc., an Ohio corporation (EIN XX-XXX6732); Don Pablo's of Texas, LP, a Texas limited partnership (EIN XX-XXX6160); Don Pablo's Operating Corp., an Ohio corporation (EIN XX-XXX4685); Hops Alexandria, Inc., a Florida corporation (EIN XX-XXX9671); Hops Grill and Bar, Inc., a Florida corporation (EIN XX-XXX2652); Hops NEF, Inc., a Florida corporation (EIN XX-XXX9670); The Hops Northeast Florida Joint Venture No. III, a Florida general partnership (EIN XX-XXX1956); Hops of Baltimore County, LLC, a Florida limited liability company (EIN XX-XXX8578); Hops of Virginia, Ltd., a Florida limited partnership (EIN XX-XXX5077).
Debtors' Address: 150 Hancock Street, Madison, Georgia 30650

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

44

Barbrick Affidavit; and due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and upon the record herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized to file a consolidated Creditors List that identifies their respective creditors in the format or formats currently maintained in the ordinary course of the Debtors' businesses.

3.    The Debtors are authorized to file a Consolidated Top 30 List.

4.    The Debtors (or their proposed noticing agent) shall be, and hereby are, authorized to complete all mailings in these cases which are required under the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court.

5.    The Debtors are authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

6.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated: ___Sept. 6___, 2007

_Mary F. Walrath_
HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT

DEL 86193547v1

# EXHIBIT 3

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| AVADO BRANDS, INC., et al.,[1] | Case No. 07-11276 (MFW) (Joint Administration Requested) |
| Debtors. | Related to D.I. No. 22 |

## ORDER APPROVING THE RETENTION OF KURTZMAN CARSON CONSULTANTS LLC AS NOTICING, CLAIMS AND BALLOTING AGENT PURSUANT TO 28 U.S.C. §156(c) AND RULE 2002-1(f) OF THE LOCAL BANKRUPTCY RULES

Avado Brands, Inc. and its chapter 11 affiliates , debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), having filed their *Motion of Debtors for Order Authorizing the Retention of Kurtzman Carson Consultants LLC as Noticing, Claims and Balloting Agent Pursuant to 28 U.S.C. §156(c) and Rule 2002-1(f) of the Local Rules* (the "Motion"),[2] a hearing on the Motion having been held; and adequate and sufficient notice of the Motion having been given; and the Court having reviewed and considered: (i) the Motion, (ii) all pleadings related thereto, including the affidavit of Sheryl Betance filed in support of the Motion; and (iii) the arguments of counsel made, and the evidence proffered or adduced, at the hearing:

### IT HEREBY IS FOUND AND DETERMINED THAT:

A.      This Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).  Venue of this case and

---

[1]   The Debtors are the following entities: Avado Brands, Inc., a Delaware corporation (EIN XX-XXX9188); Don Pablo's Holding Corp., a Delaware corporation (EIN XX-XXX6293); Don Pablo's Limited, Inc., an Ohio corporation (EIN XX-XXX6732); Don Pablo's of Texas, LP, a Texas limited partnership (EIN XX-XXX6160); Don Pablo's Operating Corp., an Ohio corporation (EIN XX-XXX4685); Hops Alexandria, Inc., a Florida corporation (EIN XX-XXX9671); Hops Grill and Bar, Inc., a Florida corporation (EIN XX-XXX2652); Hops NEF, Inc., a Florida corporation (EIN XX-XXX9670); The Hops Northeast Florida Joint Venture No. III, a Florida general partnership (EIN XX-XXX1956); Hops of Baltimore County, LLC, a Florida limited liability company (EIN XX-XXX8578); Hops of Virginia, Ltd., a Florida limited partnership (EIN XX-XXX5077). Debtors' Address: 150 Hancock Street, Madison, Georgia 30650

[2]   Capitalized terms not otherwise defined herein shall be given the meanings ascribed to them in the Motion.

93789.1
DEL 86193499v2 9/6/2007

*48*

the Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.    The statutory basis for the relief sought in the Motion is 28 U.S.C. § 156(c) and Rule 2002-1(f) of the Local Rules.

C.    As evidenced by the affidavits of service on file with the Court, (i) sufficient notice and a reasonable opportunity to object or be heard with respect to the Motion has been provided in accordance with the Bankruptcy Code and Bankruptcy Rules; (ii) such notice was appropriate under the circumstances; and (iii) no other or further notice of the Motion is or shall be required except as set forth herein.

D.    The relief requested in the Motion is essential to the orderly administration of the Debtors' estates and in the best interests of the Debtors' estates and creditors.

### THEREFORE, IT HEREBY IS ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are hereby authorized to retain KCC as the Noticing Agent in these chapter 11 cases, on the terms and conditions set forth in the Motion and the KCC Agreement.

3.    The Debtors are authorized to retain and employ KCC as the Noticing Agent, effective as of the Petition Date, to perform the services set forth in the KCC Agreement.

4.    The Debtors are authorized to pay KCC's fees and expenses as set forth in the KCC Agreement without the necessity of KCC filing fee applications with this Court.

5.    Without further order of this Court, the fees and expenses of KCC incurred in performance of the above services are to be treated as an administrative expense of the Debtors' estates and shall be paid by the Debtors in the ordinary course of business.

6.    KCC shall send copies of its monthly invoices to the United States Trustee.

7.    The KCC Agreement is hereby modified to remove Sections III(e) and IX(b) of the KCC Agreement.

8.    Notwithstanding any provision of the Motion or the KCC Agreement to the contrary, the Debtors have no obligation to indemnify KCC, or provide contribution or reimbursement to KCC, for any claim or expense that is either (i) judicially determined (the

determination having become final) to have arisen from KCC's gross negligence, fraud or willful misconduct, or (ii) settled prior to a judicial determination as to KCC's gross negligence, fraud or willful misconduct, but determined by this Court, after notice and a hearing, to be a claim or expense for which KCC should not receive indemnity, contribution, or reimbursement under the terms of the Application and/or the KCC Agreement, as modified by this Order.

9.    Notwithstanding anything contained in the KCC Agreement to the contrary, if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, KCC believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the KCC Agreement (as modified by this Order), including without limitation, the advancement of defense costs, KCC must file a motion therefor in this Court, and the Debtors may not pay any such amount to KCC before the entry of an order by this Court approving the payment.  This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses incurred by KCC for indemnification, contribution, or reimbursement and is not a provision limiting the duration of the Debtors' obligation to indemnify KCC.

10.    If KCC is unable to provide the services set forth in the KCC Agreement, KCC will immediately notify the Clerk's Office, the Debtors' and the Debtors' counsel and cause all original proofs of claim and computer information turned over to another claims agent with the advice and consent of the Clerk's Office, the Debtors, and Debtors' counsel.

11.    KCC shall not cease providing services for any reason, including nonpayment, without prior order of this Court authorizing KCC to do so.

12.    The Debtors, their officers, employees, and agents are authorized to take or refrain from taking such acts are necessary and appropriate to implement and effectuate the relief granted herein.

98789.1
DEL 86193499v2 9/6/2007

13.    This Court shall retain jurisdiction over any and all issues arising from or related to the implementation and interpretation of this Order.

Dated: ___Sept. 6___, 2007

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT

# EXHIBIT 4

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| AVADO BRANDS, INC., et al.,[1] | Case No. 07-11276 (MFW) (Joint Administration Requested) |
| Debtors. | Related to D.I. No. 11 |

**ORDER (I) AUTHORIZING DEBTORS TO PAY (A) CERTAIN PREPETITION EMPLOYEE OBLIGATIONS AND (B) PREPETITION WITHHOLDING OBLIGATIONS, AND (II) DIRECTING BANKS TO HONOR RELATED PREPETITION TRANSFERS**

Upon the motion (the "Motion")[2] of Avado Brands, Inc. and its chapter 11 affiliates, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order pursuant to sections 105, 363, 507(a)(4), 507(a)(5) and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), (i) authorizing, but not directing, the Debtors to pay (a) prepetition compensation and other amounts owed to the Debtors' current employees up to the $10,950 statutory cap for each employee and (b) all prepetition federal and state withholding obligations, and (ii) directing all banks to honor the Debtors' prepetition checks or electronic transfers for payment of any of the foregoing, and prohibiting banks from placing any holds on, or attempting to reverse, any automatic transfers on account of the foregoing; and upon the Barbrick Affidavit; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it

---

[1]    The Debtors are the following entities: Avado Brands, Inc., a Delaware corporation (EIN XX-XXX9188); Don Pablo's Holding Corp., a Delaware corporation (EIN XX-XXX6293); Don Pablo's Limited, Inc., an Ohio corporation (EIN XX-XXX6732); Don Pablo's of Texas, LP, a Texas limited partnership (EIN XX-XXX6160); Don Pablo's Operating Corp., an Ohio corporation (EIN XX-XXX4685); Hops Alexandria, Inc., a Florida corporation (EIN XX-XXX9671); Hops Grill and Bar, Inc., a Florida corporation (EIN XX-XXX2652); Hops NEF, Inc., a Florida corporation (EIN XX-XXX9670); The Hops Northeast Florida Joint Venture No. III, a Florida general partnership (EIN XX-XXX1956); Hops of Baltimore County, LLC, a Florida limited liability company (EIN XX-XXX8578); Hops of Virginia, Ltd., a Florida limited partnership (EIN XX-XXX5077). Debtors' Address: 150 Hancock Street, Madison, Georgia 30650

[2]    Capitalized terms not otherwise defined herein shall be given the meanings ascribed to the in the Motion.

*49*

further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon the arguments of counsel; and after due deliberation and sufficient cause appearing therefore,

IT HEREBY IS ORDERED THAT:

1.    The Motion is GRANTED.

2.    The Debtors are authorized, but not required, to honor and pay all prepetition Employee Compensation claims in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' businesses, provided however, that (i) payments on account of Wages or Salaries shall not exceed $4.2 million in the aggregate without further order of the Court, (ii) payment to Employees on account of bonuses shall not exceed $285,000 in the aggregate without further order of the Court (provided that no such bonus payment shall be paid to any of the Debtors' insiders), (iii) payment to Employees on account of Vacation Time shall not exceed $1,021,000 in the aggregate without further order of the Court (provided that no amounts shall be paid by the Debtors to "cash out" vacation time unless required by applicable law); (iv) payment to Employees on account of Other Benefits shall not exceed $100,000 in the aggregate without further order of the Court; and (v) payment to Employees on account of Business and Relocation Expenses shall not exceed $100,000 in the aggregate without further order of the Court.

3.    The Debtors are authorized, but not required, to pay prepetition obligations related to the Avado Health Plan, provided that the aggregate amount of such payments shall not exceed $550,000 without further order of the Court.

4.    Notwithstanding the amounts set forth in paragraphs 2, 3 and 6, payments to Employees with respect to any prepetition Employee Compensation claims and/or on account of Employee Benefit Plans shall not exceed the amounts afforded priority status by sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code.

5.    The Debtors are authorized, but not required, to pay matching funds in the amount of $132,716.77 for the Employees' 401(k) savings accounts.

6.      The Debtors are authorized, but not required, to pay prepetition obligations related to premiums and fees incurred in connection with the Debtors' workers' compensation programs, provided that the aggregate amount of such payments shall not exceed $55,000 without further order of the Court.

7.      The Debtors are authorized to pay prepetition amounts owed in respect of their Withholding Obligations, provided that the aggregate amount of such payments shall not exceed $2.0 million without further order of the Court.

8.      All of the Debtors' banks are authorized and directed to receive, process, honor and pay any and all checks or electronic transfers drawn on the Debtors' payroll and general disbursement accounts related to ordinary course employee compensation and benefits, including wages, salaries, bonuses and other compensation, Employee Benefit Plans and Withholding Obligations, whether presented before or after the Petition Date, provided that sufficient funds are on deposit in the applicable accounts to cover such payments.

9.      Nothing in the Motion or this Order shall be deemed to violate or to permit a violation of 11 U.S.C. § 503(c).

10.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: ___Sept. 6___, 2007

_____
HONORABLE MARY F. WALRATH, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

# EXHIBIT 5

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| AVADO BRANDS, INC., et al.,[1] | Case No. 07-11276 (MFW) (Joint Administration Requested) |
| Debtors. | Related to D.I. No. 12 |

### ORDER AUTHORIZING DEBTORS TO (I) MAINTAIN CERTAIN CUSTOMER SERVICE POLICIES, PROGRAMS AND PRACTICES AND (II) PAY CERTAIN FEES ASSOCIATED WITH CREDIT CARD TRANSACTIONS AND GIFT CARD PROGRAMS

Upon the motion (the "Motion")[2] of Avado Brands, Inc. and its chapter 11 affiliates, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for entry of an order pursuant to sections 105(a) and 507(a)(7) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") authorizing the Debtors to (i) honor their prepetition Customer Satisfaction Programs, and (ii) pay certain prepetition fees related to credit card processing services and the Debtors' gift card program; and upon the Barbrick Affidavit; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon the arguments of counsel; and after due deliberation and sufficient cause appearing therefore,

---

[1]   The Debtors are the following entities: Avado Brands, Inc., a Delaware corporation (EIN XX-XXX9188); Don Pablo's Holding Corp., a Delaware corporation (EIN XX-XXX6293); Don Pablo's Limited, Inc., an Ohio corporation (EIN XX-XXX6732); Don Pablo's of Texas, LP, a Texas limited partnership (EIN XX-XXX6160); Don Pablo's Operating Corp., an Ohio corporation (EIN XX-XXX4685); Hops Alexandria, Inc., a Florida corporation (EIN XX-XXX9671); Hops Grill and Bar, Inc., a Florida corporation (EIN XX-XXX2652); Hops NEF, Inc., a Florida corporation (EIN XX-XXX9670); The Hops Northeast Florida Joint Venture No. III, a Florida general partnership (EIN XX-XXX1956); Hops of Baltimore County, LLC, a Florida limited liability company (EIN XX-XXX8578); Hops of Virginia, Ltd., a Florida limited partnership (EIN XX-XXX5077). Debtors' Address: 150 Hancock Street, Madison, Georgia 30650

[2]   Capitalized terms not otherwise defined herein shall be given the meanings ascribed to the in the Motion.

98557.1
DEL 86193477v3

50

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Debtors are authorized, as may be appropriate in their discretion, to honor the Customer Satisfaction Programs, including, but not limited to, gift certificates, gift cards and coupons, without regard to whether the Debtor's obligations under any such Customer Satisfaction Programs arose before or after the Petition Date.

3. The Debtors are authorized, in their discretion and in the ordinary course of business, to pay certain prepetition transaction fees associated with the processing of the credit card transactions, provided that the aggregate total of such payments shall not exceed $100,000 without further order of the Court.

4. The Debtors are authorized to pay certain prepetition transaction fees associated with the Debtors' Gift Card Program, provided that the aggregate total of such payments shall not exceed $14,000 without further order of the Court.

5. The relief granted herein shall not constitute or be deemed to be an assumption or an authorization to assume, pursuant to section 365 of the Bankruptcy Code, any executory contract or unexpired lease to which the any of the Debtors is a party.

6. The Court shall retain jurisdiction over all matters arising from or relating to the interpretation and implementation of this Order.

Dated: _____Sept. 6_____, 2007

HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY COURT

# EXHIBIT 6

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re | Chapter 11 |
| AVADO BRANDS, INC., et al.,[1] | Case No. 07-11276 (MFW)<br>(Joint Administration Requested) |
| Debtors. | Related to D.I. No. 13 |

## ORDER AUTHORIZING (A) THE PAYMENT OF PREPETITION LIQUOR CLAIMS OF CERTAIN LIQUOR VENDORS, AND (B) THE PAYMENT OF LIQUOR LICENSING FEES AND TAXES

Upon the motion (the "Motion")[2] of Avado Brands, Inc. and its chapter 11 affiliates, the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") for the entry of an order, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101, et. seq. (the "Bankruptcy Code"), authorizing, but not requiring, the payment of (i) the prepetition claims of certain suppliers, vendors and wholesalers of beer, wine and other alcohol related products (the "Prepetition Liquor Claims"), (ii) liquor and licensing fees, taxes and similar obligations (the "Fees") to the appropriate authorities, and (iii) federal and state taxes for the beer that the Debtors brew in certain of their restaurants (the "Brew Tax"); and upon the Barbrick Affidavit; and it appearing that the Court has jurisdiction over this matter; and it appearing that notice of the Motion as set forth therein is sufficient under the circumstances, and that no other or further notice need be provided; and it further appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors,

---

[1]   The Debtors are the following entities: Avado Brands, Inc., a Delaware corporation (EIN XX-XXX9188); Don Pablo's Holding Corp., a Delaware corporation (EIN XX-XXX6293); Don Pablo's Limited, Inc., an Ohio corporation (EIN XX-XXX6732); Don Pablo's of Texas, LP, a Texas limited partnership (EIN XX-XXX6160); Don Pablo's Operating Corp., an Ohio corporation (EIN XX-XXX4685); Hops Alexandria, Inc., a Florida corporation (EIN XX-XXX9671); Hops Grill and Bar, Inc., a Florida corporation (EIN XX-XXX2652); Hops NEF, Inc., a Florida corporation (EIN XX-XXX9670); The Hops Northeast Florida Joint Venture No. III, a Florida general partnership (EIN XX-XXX1956); Hops of Baltimore County, LLC, a Florida limited liability company (EIN XX-XXX8578); Hops of Virginia, Ltd., a Florida limited partnership (EIN XX-XXX5077). Debtors' Address:  150 Hancock Street, Madison, Georgia 30650

[2]   Capitalized terms not otherwise defined herein shall be given the meanings ascribed to the in the Motion.



and other parties in interest; and upon the arguments of counsel; and after due deliberation and sufficient cause appearing therefore:

**IT HEREBY IS ORDERED THAT:**

1.    The Motion is GRANTED.

2.    The Debtors are authorized, but not required, to pay the Prepetition Liquor Claims of the Liquor Vendors in the ordinary course of their business, provided that the aggregate amount of such payments shall not exceed $75,000 without further order of the Court.

3.    As a condition of receiving payment on account of a Prepetition Liquor Claim, each Liquor Vendor is required to take whatever action is necessary to remove any Trade Lien such Liquor Vendor may have acquired on the Debtors' assets.

4.    The Debtors are authorized, but not required, to pay prepetition amounts owed for Fees and Brew Tax in the ordinary course of their business, provided that the aggregate amount of such payments shall not exceed $45,000 without further order of the Court.

5.    Nothing in this Order shall prohibit the Debtors from seeking Court authority to increase the prepetition amounts authorized to be paid hereunder.

6.    All applicable banks and other financial institutions are hereby authorized and required to receive, process, honor, and pay any and all checks and transfer requests evidencing amounts paid by the Debtors under this Order whether presented prior to or after the Petition Date.  Such banks and financial institutions are authorized to rely on the representations of the Debtors as to which checks are issues or authorized to be paid pursuant to this Order.

7.    Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained herein shall constitute, nor is intended to constitute, the assumption or assignment or adoption of any contract or agreement under section 365 of the Bankruptcy Code.

8.    The Court shall retain jurisdiction to hear and determine all maters arising from or related to the implementation of this Order.


Dated: _____Sept 6_____, 2007


                                        _____
                                        HONORABLE MARY F. WALRATH
                                        UNITED STATES BANKRUPTCY COURT